JOSEPH HERWITZ *vs.* WILLIAM H. HERWITZ. December 23, 1969. By this bill in equity the plaintiff seeks to recover certain securities which he had transferred to the defendant, his son. The securities, it is alleged, were transferred to the son's name merely as matter of convenience and with no intention of making a gift. In his counterclaim the defendant asserts that the securities were transferred to him as a gift, and asks for a decree adjudicating that he is the owner and ordering the plaintiff, who is now in possession of the securities, to return them. The judge voluntarily made findings of the material facts. The evidence is reported. A detailed recital of the subsidiary findings would serve no useful purpose. The ultimate finding was as follows: "On August 1, 1967, the plaintiff . . . then in full possession of his faculties made and intended to make a gift of the securities in question in this litigation. His transfer of such securities to the defendant . . . on that date was not impressed with a trust of any kind nor did the defendant agree to return these securities on demand or to hold them as a straw." A decree was entered ordering that the plaintiff's bill be dismissed and that the plaintiff return the securities to the defendant. The plaintiff appealed. There was no error. Whether the plaintiff, in causing the securities to be transferred from his name to the name of his son, intended to make a gift was essentially a question of fact. The findings of the judge are to stand unless we are satisfied that they are plainly wrong. *Willett* v. *Willett*, 333 Mass. 323, 324. We have examined the evidence with care and are satisfied that the findings of the judge were not plainly wrong; on the contrary, they were amply supported by the evidence.

*Final decree affirmed with costs of appeal.*

*Earl Auerback* (*James J. Gillis, Jr.,* with him) for the plaintiff.
*Robert W. Meserve* (*Thomas H. Brown* with him) for the defendant.